## SMITH *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 13, October Term, 1955.]

*Decided January 6, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus* by Judge Floyd J. Kintner of Caroline County.

Petitioner was tried, convicted and sentenced on December 22, 1954, by Magistrate H. R. Gardiner of Caroline County for unauthorized use of an automobile, operating on a revoked license and operating under the influence of liquor. Petitioner contends that his imprisonment is illegal for the reason that he was not tried on a criminal information or indictment but on warrants.

Petitioner contends that the magistrate had no authority to try him on a warrant but that he should have been tried on an information or indictment. Code, 1951, Article 27, Section 679, provides that where any person is charged with a misdemeanor or felony, before indictment by the grand jury, he has the right to file a petition

stating that he wishes to waive his right to an indictment and that he wishes to be tried upon a criminal information. It does not appear from the record or from the contentions made by the petitioner that he requested to be tried on an informtaion. Under the provisions of Code, 1951, Article 66½, Section 287, Justices of the Peace, Trial Magistrates, Committing Magistrates, Police Justices, or the Justice of the Peace of the Traffic Court of Baltimore have the jurisdiction to hear and determine and impose fine or sentence for violation of the motor vehicle laws. There is no requirement that there be an indictment by the grand jury for violation of the motor vehicle laws. Petitioner admits that he was tried on warrants.

Petitioner further contends that he was not represented by counsel before the magistrate. There is no requirement in the law that counsel be appointed in every case. In *Ridgeley v. Warden*, 201 Md. 651, 92 A. 2d 451, the petitioner was in prison, upon conviction by a trial magistrate. Among other things, he alleged that he was denied the opportunity to secure counsel and refused "court-appointed counsel." This Court, in denying the application to appeal, stated that appointment of counsel by a magistrate is unheard of in Maryland and that on appeal petitioner would have been entitled to a trial *de novo* and that counsel could then have been appointed for him, if necessary. For the reasons stated, the application for appeal is denied.

*Application denied, with costs.*